# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| GERALD EWING<br>An individual,<br><br>        PLAINTIFF,<br><br>VS.<br><br>SA-GE COLLECTABLES, INC.<br><br>        DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.: 3:12-cv-01293 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Gerald Ewing, by his attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1.      This is a suit to recover money damages for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue in this District is proper pursuant to 28 U.S.C.. § 1391(b)(2) and/or § 1391(b)(3).  At least some of the events giving rise to Plaintiff's claims occurred in this judicial district and the Defendant is subject to the Court's personal jurisdiction.

3.      This Court has personal jurisdiction over Defendant because Defendant's acts of copyright infringement occurred in this State, including this District and the tortious conduct was targeted at this District.[1]  Therefore, Defendant should anticipate being haled into court here.

---

[1] *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006)

## NATURE OF THE CASE

4. In the summer of 2010, Plaintiff Gerald Ewing, an accomplished sports photographer, became aware of numerous unauthorized uses of several of his copyrighted photographs. One entity engaged in this unauthorized use, is Defendant SA-GE Collectibles, Inc. ("SAGE") Other entities include Abilene Christian University, Buffalo Wild Wings Bar & Grill and Abilene Municipal Airport, some of which merely used Mr. Ewing's images for decoration and promotional purposes. Although such uses were unlawful, they were not nearly as egregious as the infringement conducted by SAGE.

5. Defendant SAGE mass-produced and sold thousands of copies of Mr. Ewing's photographs throughout the country in the form of football trading cards. All aspects of this enterprise were unknown to Mr. Ewing until the knowledge of other entities' infringement prompted him to search for other unauthorized uses of his work online. Upon doing so, Ewing uncovered wide distribution of trading cards made from his photographs that was extensive enough that unauthorized copies began pervading secondary collectors' markets and eBay auctions.

6. Mr. Ewing never authorized, expressly or implicitly: the creation of the trading cards by SAGE, the reproduction of his works by SAGE, the distribution of his works by SAGE or the public display of his works on SAGE's website and/or in its catalogs. In addition, Mr. Ewing was never compensated for these unauthorized uses.

7. On information and belief, SAGE obtained Mr. Ewing's photographs from Abilene Christian University ("ACU"). While ACU may have had an implied license for its own certain, limited uses, ACU certainly never had the authority to sub-license, assign or otherwise transfer any rights in any of Mr. Ewing's photographs.

## PARTIES

8. Plaintiff, Gerald Ewing, is a prestigious photographer based in Abilene, Texas. Mr. Ewing has attained certain renown in the City of Abilene for his ability to capture iconic action shots of players in fast-paced sporting events such as football, baseball and basketball games. Over time, Mr. Ewing's photos have become prominent throughout the city and nationally. In particular, The Abilene Municipal Airport features Mr. Ewing's work on its entrance doors and a local restaurant, Buffalo Wild Wings, displays a popular Ewing photograph on a large, indoor mural. Ewing's photographs have also been central to many of the marketing materials of Abilene Christian University for a period of at least twelve years. Plaintiff is owner of the copyrighted photographs in question, the copyright registrations for which have been duly submitted to the U.S. Copyright Office.

9. Defendant SA-GE Collectibles, Inc., is a sports trading card company based in Lake Elsinore, California. SAGE's business model emphasizes autographed collectibles and rookie trading cards. Typically, SAGE acquires its photographic trading card content from a consistent group of approximately six freelance photographers.

## CLAIMS OF COPYRIGHT INFRINGEMENT

10. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 9 as if fully set forth herein.

11. At a date and time to be confirmed during discovery, Defendant obtained copies of Plaintiff's copyrighted photographs, "Johnny Knox 2008 season BBW" and "Johnny Knox football 2008" from someone other than Plaintiff. These works were also part of Plaintiff's copyrighted collection, "Gerald Ewing Photography - Football 2008" (reg. # VA0001753372)

12. At a date and time to be confirmed during discovery, Defendant, without

authorization, license or any rights in Plaintiff's works, commissioned, directed or directly created trading cards from Plaintiff's aforementioned works. These cards were titled by SAGE, "Chicago Teammates" (SAGE -2 card, #SA-40) and "Blazing 40-Times" (SAGE-2 card, #SA-8). In doing so, Defendant violated Plaintiff's exclusive right to prepare derivative works based upon his copyrighted work. 17 U.S.C. § 106(2)

13. Defendant did then publicly display, without authorization, Plaintiff's copyrighted works on its website. In doing so, Defendant violated Plaintiff's exclusive right to display a copyrighted work publicly. 17 U.S.C. § 106(5)

14. At later dates and times, to be confirmed during discovery, Defendant, without authorization, reproduced hundreds or thousands of copies of Plaintiff's copyrighted works. In doing so, Defendant violated Plaintiff's exclusive right to reproduce its copyrighted works. 17 U.S.C. § 106(1)

15. At later dates and times, to be confirmed during discovery, Defendant, without authorization, then distributed and sold these copies of Plaintiff's copyrighted works. In doing so, Defendant violated Plaintiff's exclusive right to distribute its copyrighted works. 17 U.S.C. § 106(3)

16. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

17. As a result of Defendant's infringement of Plaintiff's exclusive rights, Plaintiff is entitled to relief in the form of statutory damages from Defendant pursuant to 17 U.S.C. § 504 and to its reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For statutory damages pursuant to 17 U.S.C. § 504.

b.  For Plaintiff's costs.

c.  For Plaintiff's reasonable attorney's fees.

d.  For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
Counsel for Plaintiff, Gerald Ewing
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
E-mail: evan@wolfe-stone.com